OPINION OF THE COURT
NYGAARD, Circuit Judge.
Appellant Mary Whitesell appeals the District Court’s grant of summary judgment in favor of Dobson Communications based on the court’s conclusion that a reasonable jury could not find that Dobson Communications (d/b/a Cellular One) had discriminated against her based on her age under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621-34. We will affirm the ruling of the District Court.
I.
Because we write exclusively for the parties herein, we need not discuss the facts or procedural history of this case. The ADEA prohibits employers from discriminating against individuals in hiring, termination, compensation or conditions of employment on the basis of age. 29 U.S.C. § 623(a)(1). To establish a claim under ADEA, Whitesell must first establish that she is over forty years of age, that she is qualified for the position at issue, that she suffered an adverse employment decision and was replaced by a person whose relative youth creates an inference of job discrimination. Keller v. Orix Credit Alliance Inc., 130 F.3d 1101, 1108 (3d Cir.1997) (en banc). Whitesell has established a prima facie case and Cellular One does not contest this. Likewise, Whitesell does not contest the District Court’s finding that Cellular One has met its burden of producing evidence of a legitimate, nondiscriminatory reason for the adverse action. See Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 522 (3d Cir.1992). Cellular One presented evidence — not challenged by Whitesell — that Whitesell’s supervisors at Cellular One were dissatisfied with her performance, to the point that Whitesell was at the last stage of Cellular One’s progressive disciplinary system when she was terminated for the failure of her store to reach its sales quotas.
As a result, the burden shifted to Whitesell to point to some evidence from which we could reasonably conclude that Cellular One’s articulated legitimate reasons are not believable or that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer’s action. Fuentes v. Perskie, *717 82 F.3d 759, 764 (3d Cir.1994). This Whitesell has failed to do. We agree with the District Court’s conclusion that White-sell did not produce sufficient evidence of pretext for age discrimination. Therefore, she does not meet her burden and summary judgment is appropriate.
II.
Whitesell additionally argues that our decision in Makky v. Chertoff, 541 F.3d 205 (3d Cir.2008), which was decided after summary judgment was entered against her in the District Court, rescues her claims of age discrimination. However, we need not determine here whether our holding in Makky applies here. Even were we to apply Makky’s holding to this case, we would affirm the District Court because we cannot find any evidence of discrimination-direct or indirect — on this record. Cellular One followed its disciplinary procedures before terminating Whitesell’s employment. Importantly, Whitesell herself admitted to her poor performance record and sales quotas before the District Court. The District Court did not err in concluding that Whitesell’s age was not a factor in Cellular One’s decision to terminate her employment.
III.
As a final issue, Whitesell argues that the District Court erred in granting Cellular One summary judgment on her claim of hostile work environment. Assuming such claims can be presented under the ADEA, we agree with the District Court that Whitesell’s case is lacking. As evidence, Whitesell points to remarks made by her supervisor Clark wherein Clark commented that she “needs glasses” and asked whether she remembered older television shows or movies. Clark also apparently turned to Whitesell while they were walking and said “come on, old lady, keep up.” To determine whether the comments were severe or pervasive, we evaluate “the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with the employee’s work performance.” Faragher v. City of Boca Raton, 524 U.S. 775, 787-88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (internal quotation marks omitted). Here, the comments were neither physically threatening nor humiliating, and Whitesell has not shown how the comments affected her work performance. See also Racicot v. Wal-Mart Stores, Inc., 414 F.3d 675, 678 (7th Cir.2005) (isolated comments about Racicot’s age such that she “shouldn’t be working at [her] age” were not pervasive enough to create an objectively hostile work environment). The District Court did not err in dismissing her hostile work environment claim.
IV.
Whitesell failed to provide direct or circumstantial evidence of age discrimination sufficient to survive summary judgment. She likewise failed to put forth evidence of a hostile work environment. The judgment of the District Court will be affirmed.